United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HEADWATER RESEARCH LLC,
Plaintiff,

v.

GOOGLE LLC,
Defendant.

Case No. 26-cv-06242-BLF (VKD)

**ORDER RE SEPTEMBER 17, 2026 DISCOVERY DISPUTE RE PROTECTIVE ORDER**

Re: Dkt. No. 128

Plaintiff Headwater Research LLC ("Headwater") and defendant Google LLC ("Google") have reached agreement on most of the terms of a proposed protective order to govern the protection of confidential information of exchanged during discovery in this patent infringement action. The parties disagree with respect to two aspects of the proposed protective order: (1) the scope of a patent prosecution bar, and (2) and whether the order should include a patent acquisition bar. *See* Dkt. No. 128.[1] The Court finds that the dispute may be resolved without a hearing. Civil L.R. 7-1(b).

## I. BACKGROUND

In this consolidated action, Headwater claims that Google infringes at least one claim of each of the following related patents: U.S. Patent No. 8,635,335 ("the '335 patent"), U.S. Patent No. 10,791,471 ("the '471 patent"), U.S. Patent No. 10,237,757 ("the '757 patent), and U.S. Patent No. 9,277,445 ("the '445 patent"). Dkt. No. 30 ¶ 1, Exs. 1-6; Case No. 26-cv-7150, Dkt. No. 24 ¶ 1, Exs. 1-2. According to the operative complaints, the accused instrumentalities include

[1] Unless otherwise indicated, all citations refer to the docket in Case No. 26-cv-6242.

United States District Court
Northern District of California

Google's cellular networks, servers, and services that implement wireless offloading functionalities, as well as wireless devices (including mobile phones, tablets, laptops, wearables, IoT/M2M devices, and vehicle infotainment systems) that operate on Google's network, such as Google's mobile virtual network operator (MVNO) Google Fi, and support automatic or policy-driven handover between cellular and Wi-Fi networks." Dkt. No. 30 ¶ 2; Dkt. No. 117 at 2 (citing Dkt. No. 114 at 2, Dkt. No. 115 at 3-4); *see also* Case No. 26-cv-7150, Dkt. No. 24 ¶¶ 18, 27, Ex. 2.

The agreed portions of the parties' proposed protective order are based on this District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Order").[2] Dkt. No. 128 at 1.

## II. DISCUSSION

### A. Scope of Prosecution Bar

The parties agree that the protective order should contain a prosecution bar that applies to "any individual who receives access to" information designated "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code." Dkt. No. 128-1, sec. 8(a). They disagree about the precise subject matter encompassed by the prosecution bar. Google argues that the bar should apply to the prosecution of patents or patent applications relating to: "wireless and cellular offloading, controlling background data traffic, protocols and modes for limiting resources available to mobile apps, resource saving settings, and Wi-Fi calling." Dkt. No. 128-1, sec. 8(a). Headwater argues for a narrower bar that omits "resource saving settings" and applies only to the prosecution of patents or patent applications relating to: "wireless and cellular offloading, controlling background data traffic, protocols and modes for limiting resources available to mobile apps, and Wi-Fi calling." *Id.*

The prosecution bar must be tailored to the risks of improper use during prosecution of confidential information likely to be disclosed during discovery. *See In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010) (prosecution bar should "reasonably reflect

[2] https://cand.uscourts.gov/sites/default/files/documents/ND_Cal_Patent_Highly_Sensitive_Model_Prot_Ord_Revised.pdf

the risk present by the disclosure of proprietary competitive information"); *Applied Signal Technology, Inc. v. Emerging Markets Communications, Inc.*, Case No. 09-cv-02180 SBA (DMR), 2011 WL 197811, at *3 (N.D. Cal. Jan. 20, 2011) (observing that prosecution bar should reflect "the areas of technology where there is risk that individuals may inadvertently exploit their new knowledge in future patent prosecution"). In considering the proper scope of the prosecution bar, the Court considers not only the subject matter of the asserted patents, but also the subject matter of the highly confidential technical information and source code likely to be produced in discovery. *See Applied Signal Technology*, 2011 WL 197811, at *3 (considering that "parties and their representatives . . . may access their opponents' highly confidential proprietary technical information" in determining scope of prosecution bar); *see also* Model Order, optional sec. 8 (instructing parties to "insert subject matter of the invention and of highly confidential technical information to be produced").

Here, Google argues that Headwater accuses features and functionalities that "save resources" and that it will be required to produce highly confidential technical information about those features and functionalities. Dkt. No. 128 at 4-5. Although Headwater refers to Google's anticipated productions as "hypothetical," *id.* at 2, it does not dispute that its infringement accusations encompass "resource-limiting technologies," *id.* Instead, Headwater argues that one of the existing subject matter categories—"protocols and modes for limiting resources available to mobile apps"—already covers Google's anticipated production, and that Google's additional "resource savings settings" category is vague and overbroad. *Id.* at 2-3. Headwater further cautions against confusing the *benefits* of the claimed invention (e.g., reducing power consumption) with technical information about accused features and functionalities in determining the scope of the bar, *see id.* at 2, but it does not dispute that the accused instrumentalities include features that limit resources available to "services" and "processes," and not just resources available to "mobile apps," *see id.* at 4-5.

Having considered the operative complaints and the asserted patents, the Court agrees that Google's proposed "resource savings settings" category is ill-defined and broader than the subject matter of the claimed inventions and the likely scope of discovery in this action. However,

because the agreed "protocols and modes for limiting resources available to mobile apps" category appears not to include limiting resources available to "services" and "processes," which subject matter is likely to be within the scope of Google's production of highly confidential technical information pertaining to the accused instrumentalities, the Court agrees that Headwater's proposed language is too narrow. The Court resolves the parties' dispute as follows:

The prosecution bar in section 8 shall apply to the prosecution of patents or patent applications relating to: "wireless and cellular offloading; controlling background data traffic; protocols and modes for limiting resources available to mobile apps, services, and processes; and Wi-Fi calling."[3]

**B. Acquisition Bar**

The parties disagree about whether the protective order should contain an acquisition bar in addition to a prosecution bar. Google argues that an acquisition bar is necessary to guard against "the risk of inadvertent misuse of Google's highly confidential information" by Headwater and its counsel to identify patents to acquire. Dkt. No. 128 at 5-6. It proposes the following acquisition bar:

> Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by the Producing Party shall not be involved in activity related to: (i) the acquisition of patents or patent applications (for any person or entity) relating to the field of the invention of the patents-in-suit, wireless and cellular offloading, controlling background data traffic, protocols and modes for limiting resources available to mobile apps, resource saving settings, and Wi-Fi calling; or (ii) advising or counseling clients regarding the same. This Acquisition Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final disposition of this action as provided herein.

Dkt. No. 128-1, proposed sec. 8(b). Headwater argues that the protective order should not include an acquisition bar. It points out that the Model Order does not contemplate any such bar and

[3] Additions to Headwater's proposed language are underlined.

United States District Court
Northern District of California

argues that such a bar is both unnecessary and unreasonable. Dkt. No. 128 at 3-4.

The Court is not persuaded that the acquisition bar Google advocates is necessary here. Google cites the fact that Headwater's litigation counsel frequently represents clients against Google in patent litigation matters but does not explain how that circumstance creates a risk of "particular[] harm[]" for Google. *Id.* at 6. Unlike a patent prosecution bar, which protects against the risk that confidential technical information may be inadvertently used to draft patent claims covering the very technology disclosed in discovery, Google's acquisition bar would proscribe involvement in activity related to the acquisition of patent rights that already exist. Google is already exposed to possible litigation risk with respect to any such existing patents, regardless of who owns them. In any event, Google has not shown that Headwater is in the business of acquiring patents to assert against Google or anyone else,[4] or that its litigation counsel advises Headwater or other clients on which patents to acquire for purposes of asserting those patents in litigation.

Moreover, Google's proposed acquisition bar is not "narrowly drawn." *See id.* at 6. In addition to the broad subject matter it encompasses, the proposed bar is triggered when an individual has "access to" any "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" information, and it applies to any such individual "involved in" any "activity related to . . . the acquisition of patents or patent applications" by anyone and for any purpose. Dkt. No. 128-1, sec. 8(b). The Court agrees with Headwater that, on its face, the proposed bar would preclude litigation counsel within the scope of the provision from advising a client contemplating a patent acquisition about the validity or enforceability of the patent in question or the contractual terms of the acquisition. *See, e.g., EPL Holdings, LLC v. Apple, Inc.*, No. 12-cv-4306 JST (JSC), 2013 WL 2181584, at *4-5 (N.D. Cal. May 20, 2013) (discussing relevant considerations supporting adoption of "limited" acquisition bar). Google has not shown that there is any meaningful risk that attorneys or experts involved in these kinds of activities will

[4] In fact, the operative complaints reflect that Headwater (or a related Headwater entity) was founded by one of the named inventors of the asserted patents, and a Headwater entity appears to be the original assignee on each asserted patent.

United States District Court
Northern District of California

inadvertently rely on or be influenced by confidential technical information learned in discovery.

## III. CONCLUSION

Accordingly, the Court adopts, with the modification described above, Headwater's proposed prosecution bar, and rejects Google's proposed acquisition bar. The parties shall file a revised proposed protective order for the Court's review and approval by **October 14, 2026**.

**IT IS SO ORDERED.**

Dated: October 7, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge