United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HEADWATER RESEARCH LLC,
Plaintiff,

v.

GOOGLE LLC,
Defendant.

Case No. 26-cv-06242-BLF (VKD)

**ORDER DENYING WITHOUT PREJUDICE AMENDED STIPULATED PROTECTIVE ORDER**

Re: Dkt. No. 136

On October 13, 2026, the parties filed an amended stipulation and proposed protective order. Dkt. No. 136. While the Court appreciates that the parties have amended their proposed order in compliance with the Court's October 7, 2026 discovery order (Dkt. No. 132), the Court denies the stipulated request without prejudice because a few of the proposed provisions require clarification and/or revision.

The Court outlines its concerns below and invites the parties to submit a revised proposed protective order.

1. <u>Dispute resolution</u>:

Any disputes regarding confidentiality designations (sec. 6.3) or disclosure of Protected Material to an expert (sec. 7.5(c)) will be handled according to the Court's discovery dispute resolution procedures, which require (among other things) a joint submission—not a noticed motion. *See* Judge DeMarchi's Standing Order for Civil Cases, available at https://cand.uscourts.gov/sites/default/files/standing-orders/VKD-StandingOrderForCivilCases-7-2025.pdf. The proposed protective should reflect the correct procedure.

United States District Court
Northern District of California

2. Unauthorized disclosure and data security:

Section 12 of the proposed protective order includes a paragraph describing the obligations of an "Authorized Recipient" in the event there is an unauthorized disclosure of Protected Material. "Authorized Recipient" is broadly defined and could include the Court and/or its personnel. The Court asks the parties to clarify whether they intend the obligations in section 12 to also apply to the Court and its personnel, and if so, whether they expect the Court to adopt practices and procedures beyond those it already has in place.

Similarly, section 14.10 of the proposed protective order requires any person in possession of Protected Material to, among other things, maintain appropriate safeguards, meeting or exceeding relevant industry standards. The Court asks the parties to clarify whether they intend the requirements of section 14.10 to also apply to the Court and its personnel, and if so, whether they expect the Court to adopt practices and procedures beyond those it already has in place.

3. Ambiguous provision:

In section 14.5, the proposed protective order refers to "Highly Sensitive Documents/Information" and "HSD/HSI." These terms are not used elsewhere or defined, and it is not clear what the parties intend by including these references in section 14.5. The parties should clarify this provision.

***

The parties may either submit a revised proposed protective order that addresses the concerns noted above, or they may submit a response to this order that explains why the current proposed provisions should be adopted, notwithstanding the Court's concerns. The parties' further submission is due by **October 26, 2026**.

**IT IS SO ORDERED.**

Dated: October 19, 2026

Virginia K. DeMarchi

Virginia K. DeMarchi
United States Magistrate Judge